I concur in the majority's analysis of appellant's assignments of error except for its conclusion the evidence was sufficient to satisfy the plain feel doctrine.
Deputy Kelly based his decision to remove the drugs from appellant's pocket upon his Police Academy experience and his pat down of appellant. Deputy Kelly used the following terms to describe the results of the pat down: the crinkly sound of plastic, a big lump right under it; kind of soft too; also a hard substance in there; the crunchiness of the bag; felt the bag and rock; bulge in his pocket; a lumpy softness; kind of a solid texture; it was powder [cocaine]. No rock or any other hard substance was found.
Based upon the above and his recollection he was feeling the same thing he had felt a year before in the Police Academy, Deputy Kelly removed the drugs. After doing so, Deputy Kelly concluded he was correct in hisassumption.
I find Deputy Kelly's assumption based upon his recollection of his experience from the Police Academy more than one year before, is insufficient to satisfy the plain feel doctrine. Deputy Kelly offered no evidence of field experience. His description of feeling a rock and hard substance is inconsistent with the items removed from appellant's pocket. Though Deputy Kelly's hunch proved correct, it fell short of establishing probable cause the bulge was contraband. It was not immediately apparent what he felt was contraband.
Accordingly, I would sustain appellant's first assignment of error.